UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV966 JAR |
| DR. UNKNOWN NWAOBASI, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the request of plaintiff James M. Scott for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.10. *See* 28 U.S.C. § 1915(b)(1). In addition, plaintiff will be ordered to submit an amended complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Along with the instant motion and affidavit in support, plaintiff submitted a notarized "resident funds inquiry" form that shows his institution account activity for the six-month period preceding the filing of the complaint. A review of plaintiff's account shows an average monthly balance of $19.91. Based upon this information, the Court will require plaintiff to pay an initial partial filing fee of $3.98, which is twenty percent of his average monthly balance. 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Corizon Medical Services and two individual defendants: Dr. Nwaobasi and Nurse Boiling. Plaintiff alleges that he underwent blood testing in October of 2014 that revealed that he was diabetic, but he was not informed of that diagnosis until he became very ill in August of 2015. Plaintiff seeks $50,000.00 in damages from each defendant.

## Discussion

Regarding the individual defendants, the complaint is silent as to whether they are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint contains no allegations that a policy or custom of Corizon was responsible for the alleged violation of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to the individual defendants. Similarly, Corizon can be held liable in a lawsuit such as this only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). In other words, Corizon is liable here only if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). The instant complaint contains no such allegations, and it therefore fails to state a claim against Corizon.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include all claims he wishes to bring in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **It is not enough to simply state that the defendants failed to provide adequate**

**medical care; plaintiff must set forth specific facts showing how each and every defendant is directly responsible for the alleged harm. In order to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the complaint**. **If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $3.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court may dismiss this action without further proceedings.

Dated this 12th day of October, 2016.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE