**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES M. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV966 JAR |
| | ) | |
| DR. UNKNOWN NWAOBASI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon review of plaintiff James M. Scott's amended complaint. The Court will order the Clerk of Court to issue process on the amended complaint as to plaintiff's claims against defendants Dr. Unknown Nwaobasi and Nurse Alona Boiling.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his serious medical needs when they failed to diagnose his diabetes.

Specifically, plaintiff alleges that he was seen by Dr. Nwaobasi in October of 2014 with complaints of stomach pain, headache, and hypertension. Dr. Nwaobasi ordered testing, which was administered by Nurse Boiling. Plaintiff alleges that one of the tests performed was intended to screen for diabetes, and that it yielded a positive result with an A1C of nine percent. Plaintiff alleges that neither Nwaobasi nor Boiling checked the test results or notified plaintiff that he was diabetic, and his condition was therefore left untreated for ten months. Plaintiff alleges that, during that ten-month period, he suffered hypertension, debilitating headaches, and

stomach pain. Plaintiff alleges that his diabetes was finally diagnosed when another doctor took over for Nwaobasi, at which time his A1C had reached 13 percent. Plaintiff was moved to the infirmary, and placed on high volumes of insulin four to five times daily. Plaintiff seeks $150,000.00 in damages from each defendant. The Court has carefully reviewed the Amended Complaint, and has determined that it survives review under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Dr. Unknown Nwaobasi and Nurse Alona Boiling.

**IT IS FURTHER ORDERED** that defendants Dr. Unknown Nwaobasi and Nurse Alona Boiling shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 31st day of October, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**