# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES M. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV966 JAR |
| DR. UNKNOWN NWAOBASI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before the Court is the motion of plaintiff James M. Scott to compel the Missouri Department of Corrections to allow him "physical access" to the prison law library. (Docket No. 18). The motion will be denied without prejudice.

In the motion, plaintiff states that he needs an order compelling physical access to the law library because the "delay between filling out a law library request and actually receiving the material will greatly hinder this pro se plaintiff's ability to litigate, especially when there is a deadline involved." *(Id.)* The Court interprets the instant motion as alleging a denial of access to the courts. To sustain such a claim, plaintiff must demonstrate an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). The instant motion makes no allegations of an actual injury; instead, plaintiff merely speculates that the current procedure by which he accesses law library materials "will greatly hinder" his "ability to litigate." (Docket No. 18). Also, plaintiff does not allege that he is completely denied access to law library materials; only that he must complete a request and then wait to receive them. These allegations, standing alone, do not support a claim of denial of meaningful access to the courts. *Lewis*, 518 U.S. at 349-55 (right of

access to courts requires showing that inmate had non-frivolous legal claim actually impeded or frustrated). The motion will therefore be denied, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff James M. Scott's motion for physical access to law library (Docket No. 18) is **DENIED** without prejudice.

Dated this 9th day of December, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**