UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES M. SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:16-cv-966-JAR |
| UNKNOWN NWAOBASI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. This action will be dismissed, without prejudice, as to defendant Alona Boyland, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff commenced this action in this Court on June 22, 2016. Upon initial review, the Court noted that the complaint was subject to dismissal due to plaintiff's failure to specify the capacity in which he intended to sue the defendants, and gave plaintiff leave to file an amended complaint. On October 26, 2016, plaintiff filed an amended complaint. In both the original and the amended complaint, plaintiff named as a defendant an individual he identified as "Alona Boiling."

On October 31, 2016, the Court directed the Clerk to serve process on the amended complaint. The Clerk attempted to serve process via Corizon, LLC, but counsel for Corizon declined to waive service and stated that Alona Boyland (not "Boiling," as plaintiff specified) was no longer employed by Corizon. Counsel subsequently provided Boyland's last known address, and the Court ordered the issuance of a summons to be served upon her there by the United States Marshals. The record indicates that the U.S. Marshals visited the address provided

in an attempt to locate and serve Boyland. The record indicates that the U.S. Marshals spoke with the current resident of the home and also with a neighbor, but were unable to locate Boyland. On January 31, 2017, this Court issued an order informing plaintiff that more than 90 days had elapsed and Boyland had not been served, and directed him to provide adequate information to allow her to be served, or advise the Court of good cause for his inability to do so. *See* Fed. R. Civ. P. 4(m) (requiring the court to dismiss an action without prejudice or order that service be made within a specified time if a defendant has not been served within 90 days after the filing of the complaint). In response to the Court's order, plaintiff stated that Boyland's personal information is under seal by the Courts, blocking his attempts to locate her. Plaintiff stated that Corizon should be compelled to locate Boyland, and that this Court should reconsider his previously-filed motion to appoint counsel.

This action will be dismissed without prejudice as to defendant Boyland, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. A plaintiff bears the burden of providing proper service information. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). In both the complaint and the amended complaint, plaintiff failed to even sufficiently identify Boyland, and it was only after service efforts initiated that she was correctly identified. The Court then obtained her last known address from Corizon and directed that the U.S. Marshals attempt to locate and serve her, and the information provided to the Court shows that the U.S Marshals made reasonable efforts to do so. In addition, plaintiff fails to establish good cause. Plaintiff argues that Corizon should be compelled to locate Boyland. However, as set forth above, Corizon has already provided the information they have regarding Boyland's whereabouts. Plaintiff also states that he is unable to access the Court's sealed record as to Boyland's address, but the record plaintiff references is merely the last known address at which service has already

2

been unsuccessfully attempted. Plaintiff also asks the Court to reconsider its order denying his motion for the appointment of counsel, but such statement fails to establish the necessary good cause. Rule 4(m) requires this Court to dismiss an action without prejudice if the Complaint is not served within 90 days of its filing. Fed. R. Civ. P. 4(m). More than 90 days have passed since plaintiff filed the amended complaint and, notwithstanding the reasonable efforts to locate Boyland, she cannot be found and summonses have been returned unexecuted. Based on the circumstances of this case, further extension would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that this action is dismissed, without prejudice, as to defendant Alona Boyland. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 22nd day of February, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE